*Davis*, for defendant.

---

## BABIN vs. D'ASTUGUE.

APPEAL from the court of probates of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. Jean Babin, who styles himself a resident of the district of Genozac, in France, filed his petition in the court of probates, in which he stated that he was the sole heir of

A co-executor may appear in a suit when a person prays to to be admitted as heir, and the admissions of his co-executor, and the attorney for the absent heirs will not prevent him

Eastern Dist *April 1829.*

BABIN
*vs.*
D'ASTUGUE
insisting on strict and legal proof.

Though the time for which executors were appointed have expired they may contest the right of a party claiming the estate as heir.

Jean Phillipon, who died at the Bay of St. Louis, in the year 1827, and prayed that D'Astugue, the acting executor of the last will and testament of the deceased, and Moreau Lislet, the attorney for the absent heirs, might be cited to shew cause why the petitioner should not be put in possession of the estate.

The answer of the defendant D'Astugue, put the plaintiff on the strict and legal proof of all the allegations contained in his petition

And the attorney for the absent heirs did the same, by stating at the foot of the answer that he joined in it.

A. Carraby, the co-executor, who at the time of filing the answer is stated to be in France, and who is still there, appeared by his attorney in fact, Etienne Carraby, and filed an answer; in which he denied the petitioner was the heir of the deceased.

The court of the first instance gave judgment in favor of the petitioner, and Carraby appealed.

The first questions in the cause are, the right of the co-executor, Carraby, to file an answer, and the authority of the attorney in fact to bring this action for him, in his name?

And both of them we think must be answered in the affirmative. As co-executor he is responsible in *solido*, and being so, had a right to see that the funds were paid over to the person legally authorized to receive them. The power of attorney shews that the agent was authorized to represent the executor, as well in court as out of it, in relation to all matters connected with the liquidation and settlement of the estate.

On the trial of the cause, the plaintiff offered in evidence a document which he called an *acte de notoriété*, executed before a notary public at *Pons*, in France, and dated the 4th March, 1828. To the introduction of this proof Carraby objected, on the ground, 1st. That it was *exparte* evidence. 2d, That it was not executed by the proper officers, 3d, That the witnesses had been dispensed with the solemnity of an oath. The court overruled these objections, and admitted the document in evidence. To this decision a bill of exceptions was taken.

This evidence upon strict principles of law was clearly inadmissable, but in support of the judgment of the court below, it has been con-

Eastern Dist.
*April*, 1829.

BABIN
*vs.*
DASTUGUE.

tended, that the co-executor Dastugue and the attorney for the absent heirs, made no opposition to the legality of the proof, and consequently Carraby could not. To this position we cannot give our assent. Carraby, as co-executor, had an interest to see, that no person but the heir should receive the succession; for if he or his co-executor handed it over to any other, he would be responsible to those who had a legal claim to the effects of the estate, should they afterwards appear. His right to insist on strict and legal proof, controlled that of the co-executor and the attorney for the absent heirs, to admit evidence which was not so; for his act could not prejudice them, and their's might work an injury to him.

Again, it has been urged that the letters written by Dastugue to the heirs in France to send forward the evidence of their claims sanctioned the introduction of the document. We have perused these letters, and find nothing in them which could be construed into a waver to call for legal proof. And if they did authorize such an inference, the right of Carraby to object to them would still remain in full force.

Eastern Dist
*April*, 1829.

BABIN
*vs.*
DASTUGUE.

It is further urged that the functions of the executors having expired they had no right to make the objection. But this circumstance in our judgment did not deprive them of the right of doing so. The termination of their authority deprived them of all powers of further administration, but did not authorize them to hand over the estate to any person, *than the heir;* and *de non apparentibus, et de non existentibus, eadem est lex.*

The 1654th article of the Louisiana Code has been relied on to shew, that the attorney for the absent heirs has *alone* the power to make opposition to any thing which may affect the interests of the absent heirs. This law certainly confers on him such power, but it is not exclusive in its expressions. The executors are not permitted to give up the estate to any person but the heir, and there is nothing in the law which would authorize us to say, that the opinion of the attorney for the absent heirs can control their opinion as to the capacity of the person presenting himself as such. The attorney for the heirs who are absent could not demand the money for himself, and there is little or no difference between his do-

ing so, and conferring on him the authority to point out who is to receive it.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be annulled, avoided and reversed. And it is further ordered, adjudged and decreed, that the cause be remanded to the said judge, with directions not to receive in evidence the document marked **R.**: and it is further ordered that the appellee pay the costs of this appeal.

*C. Derbigny* for plaintiff—*D. Seghers* for defendant.